UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEVIN PIERRE, 57890-053,

        Petitioner,

  -v-

UNITED STATES OF AMERICA,

        Respondent.
_____

DECISION AND ORDER
**99-CR-6089CJS**
05-CV-6446CJS

## INTRODUCTION

This is an action brought pursuant to 28 U.S.C. § 2255. The issue before the Court is whether the petition is timely. For the reasons discussed below, the Court concludes that the petition is time-barred, and that the action must therefore be dismissed.

## BACKGROUND

Petitioner Kevin Pierre ("Petitioner") was convicted in this Court under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 924(c)(1). The Amended Judgment of Conviction is dated October 30, 2001. Petitioner appealed, and on January 29, 2004, the United States Court of Appeals for the Second Circuit issued its judgment affirming this Court's judgment. On February 23, 2004, the Second Circuit issued its mandate. ([#138]). On May 7, 2004, the Court issued an Order [#140], making the Second Circuit's mandate the judgment of this Court.

On March 15, 2005, the Court received a letter from Petitioner, inquiring about an extension of time to file a petition under 28 U.S.C. § 2255. On April 1, 2005, the Court responded, by letter, and advised Petitioner that such a request needed to be accompanied by the actual § 2255 petition, citing *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001). The Court further stated that,

> [t]he limitations period for a § 2255 motion is one year from the date on which a conviction becomes final, or the time in which to file a petition for writ of certiorari with the Supreme Court expires. *Clay v. United States*, 537 U.S. 522 (2003). Generally, the time for petitioning the Supreme Court is 90 days after entry of judgment. See, Supreme Court Rule 13. Thus, you must bring your petition as soon as possible to avoid being barred by the limitations period.

(Document [#148], Exhibit A). The Court also indicated, "I note that the mandate from the Second Circuit affirming your conviction was docketed on May 7, 2004." *Id.*[1]

On or about July 12, 2005, Petitioner, acting *pro se*, filed a motion [#144] for relief pursuant to 28 U.S.C. § 2255, alleging that his conviction in this Court was unconstitutionally or unlawfully obtained.[2] On September 9, 2005, the Court ordered petitioner to show cause why his petition was not barred by the statute of limitations. On September 26, 2005, Petitioner filed a response, stating:

> Please see a letter from the Clerk of the Court, United States District Court, Western District of New York, dated April 1, 2005, attached as Exhibit 'A' for your information, review and consideration, in United States v. Kevin Pierre, 99-CR-6089-3, which demonstrates that I had, at least until May 7, 2005, to file § 2255!

(Document [#148]). In that regard, the attached Exhibit A, referred to by Petitioner, was the Court's letter dated April 1, 2005, discussed earlier. Petitioner's response is somewhat puzzling, because even assuming[3] that he had until May 7, 2005, to file his petition, he did not file a petition until more than two months after that date.

---

[1] Actually, the mandate was docketed in this Court on March 10, 2004, and the order adopting the mandate of the judgment of this Court was docketed on May 7, 2004.

[2] In that regard, the motion was dated July 12, 2005, and the certificate of service attached to the motion indicates that a copy of the motion was mailed to the United States Attorney for the Western District of New York that same day. Presumably, Petitioner also mailed the original motion to the Court, for filing, on July 12, 2005, and it was received by the Court on July 18, 2005. The motion was not docketed until August 29, 2005, presumably due to the fact that it was being reviewed by the Court's Office of the Pro Se Clerk.

[3] As will be discussed below, Petitioner's time to file actually expired prior to May 7, 2005.

Nevertheless, upon receiving Petitioner's response, the Court issued an Order [#149], stating that it would refrain from making a determination regarding the timeliness of the petition until after Respondent had an opportunity to address the petition, and directing Respondent to discuss whether the petition was timely filed. Respondent has never filed a response. However, even without Respondent's response, it is clear that the petition is time-barred, and must be dismissed.

## DISCUSSION

Motions under 28 U.S.C. § 2255 "may be filed within one year from the date on which the judgment of conviction becomes final," and "a judgment of conviction becomes final for purposes of § 2255 when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Burrell v. U.S.*, 467 F.3d 160, 163-164 (2d Cir. 2006) (citations and internal quotation marks omitted), *cert. den.* 127 S.Ct. 2031 (2007). A petition for review on certiorari must be filed "within 90 days after entry of the judgment." U.S. SUP. CT. RULE 13.

In the instant case, the Second Circuit entered its judgment on January 29, 2004. Petitioner then had 90 days, or until April 28, 2004, to file a petition for review on certiorari. Petitioner did not petition for such review, and accordingly, his conviction became final on April 28, 2004. Thereafter, Petitioner had one year, or until April 28, 2005, to file a motion under 28 U.S.C. § 2255. However, Petitioner did not file the instant action until July 2005, therefore the action is clearly time-barred. Petitioner stated that he believed that he had "at least until May 7, 2005" to file his § 2255 motion. However, even assuming that there

was some equitable basis on which to extend the filing deadline to May 7, 2005, Petitioner still failed to file by that date. Consequently, this action must be dismissed.

## CONCLUSION

For the foregoing reasons, Petitioner's application is denied, and this action is dismissed. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Petitioner has not made a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated:   May 30, 2008
         Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge