UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs

KEVIN PIERRE,

Defendant.

_____

6:99-CR-6089 (CJS)

DECISION & ORDER

This matter is presently before the Court on the defendant's ("Pierre") "Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act." Mot., Dec. 19, 2019, ECF No. 320. For the reasons stated below, Pierre's motion to modify his sentence [ECF No. 320] is granted in part and denied in part.

The Court finds that Pierre is eligible for discretionary relief under the First Step Act, and reduces Pierre's term of imprisonment to an aggregate of 295 months: 235 months for the drug charge pursuant to 21 U.S.C. § 841, and a 60-month mandatory minimum for the firearm charge pursuant to 18 U.S.C. § 924(c)(1). In addition, Pierre's aggregate term of supervised release is reduced from ten years to eight years. However, the Court declines to make a recommendation to the state of New York that Pierre's undischarged state sentence on his manslaughter conviction be imposed concurrent to his federal sentence.

BACKGROUND

Pierre was indicted in federal court on multiple charges on September 29, 1999, and arrested by federal authorities on November 4, 1999. On November 5, 1999, he was arrested by New York state authorities, and later convicted on a charge of manslaughter

1

in state court for which he was sentenced on June 22, 2000. Nevertheless, because he was arrested by federal authorities first, Pierre remains in primary federal custody.[1]

After a jury trial in this Court ending on November 17, 2000, Pierre was convicted under 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii) of possession with intent to distribute 50 grams or more of cocaine base and marijuana, and under 18 U.S.C. § 924(c)(1) of possession of a firearm in furtherance of a drug trafficking crime. Prior to his conviction, the government submitted information pursuant to 21 U.S.C. § 851 establishing a prior felony drug offense conviction as the basis for the imposition of increased punishment as provided in 21 U.S.C. § 841(b)(1)(A)(iii). Information, Oct. 30, 2000, ECF No. 58. Based on the version of the Controlled Substances Act in effect at the time, Pierre was given consecutive sentences of 360 months on the drug charge and 60 months on the firearm charge, for an aggregate sentence of 420 months imprisonment and ten years of supervised release. Am. J., Oct. 30, 2001, ECF No. 113.

Over the course of the past two decades, Pierre's sentence has been reduced twice, and now stands at an aggregate total of 300 months: 240 months on the drug charge, and 60 months on the firearm charge. To date, he has served approximately 248 months and earned over 1,000 days of good time credit; his projected release date is February 21, 2021. The basis for Pierre's two prior sentence reductions was 18 U.S.C. § 3582(c)(2), which permitted a reduction in the term of imprisonment due to guideline sentencing

---

[1] *See United States v. Smith*, 812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting *In re Liberatore*, 574 F.2d 78, 89 (2d Cir.1978) ("In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty.")

ranges that were subsequently lowered and made retroactive by the United States Sentencing Commission. *See, e.g.,* Order, Apr. 29, 2015, ECF No. 261. In the present motion, Pierre moves for a reduced sentence under the First Step Act of 2018 (hereinafter "First Step Act"). Pub. L. No. 115-391, 132 Stat. 5194 (2018).

THE FAIR SENTENCING ACT and THE FIRST STEP ACT

At the time of Pierre's conviction and sentencing, 21 U.S.C. § 841(b)(1)(A)(iii) provided that any person convicted of possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base (i.e., crack cocaine) "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(A)(iii) (2006). In order to reduce the cocaine sentencing disparity, Section 2 of the Fair Sentencing Act of 2010 increased the threshold quantity for conviction under § 841(b)(1)(A)(iii) from 50 grams to 280 grams of a mixture or substance containing cocaine base. *See* Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (2010). However, the Act did not apply retroactively to defendants like Pierre, who had been convicted before the Act became effective. *See Dorsey v. United States*, 567 U.S. 260, 281 (2012).

In 2018, Congress passed the First Step Act, which made retroactive the sentencing reforms from the Fair Sentencing Act of 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). § 404(a) of the First Step Act defined "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before" the Fair Sentencing Act was enacted. § 404(b) provided that "[a] court that imposed a sentence

for a covered offense may . . . impose a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *See, e.g., United States v. Rose*, 379 F. Supp.3d 223, 227 (S.D.N.Y. 2019). § 404(c) of the First Step Act establishes some limitations: courts are prohibited from "hearing motions [under the Act] if (1) the sentence in question 'was previously imposed or previously reduced' in accordance with the relevant provisions of the Fair Sentencing Act, or (2) if a previous motion was made under the First Step Act and denied 'after a complete review of the motion on the merits.'" *United States v. Holloway*, 956 F.3d 660, 662–63 (2d Cir. 2020) (quoting First Step Act, § 404(c), 132 Stat. at 5222). Additionally, § 404(c) makes clear that a sentence reduction under the First Step Act is at the court's discretion. *Id.* ("[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")

## ANALYSIS

Most district courts in this Circuit approach motions for a sentence reduction under the First Step Act with a two-part analysis. *See Rose*, 379 F. Supp.3d at 225. First, the courts inquire whether the defendant is *eligible* for a sentence reduction under the Act. *See, e.g., United States v. Davis*, 423 F. Supp.3d 13, 16 (W.D.N.Y. 2019). If the answer to the first inquiry is "yes," then the courts inquire whether a sentence reduction is warranted under the particular facts of the defendant's case. *Id.* at 17. In determining whether a reduction is warranted, courts should be mindful that a motion for a sentence reduction under the First Step Act falls within the scope of 18 U.S.C. § 3582(c)(1)(B), which does not require "that the reduction comport with U.S.S.G. § 1B1.10 or any other policy statement . . . [but] only [with] the statutory criteria." *Holloway*, 956 F.3d at 665–66.

4

Pierre is Eligible for a Sentence Reduction.

Pierre states that he is eligible for a sentence reduction under the First Step Act because he was originally sentenced to 300 months for a violation of § 841(b)(1)(A)(iii), which he argues was a "covered offense" under the First Step Act. Mot., ECF No. 320 at 6. The government concedes the point. Resp., ¶ 8, Feb. 21, 2020, ECF No. 326.

As noted above, § 404(a) of the First Step Act defined "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ." The Second Circuit recently clarified "that, under Section 404(a) of the First Step Act, if the statutory penalties associated with a particular 'Federal criminal statute' were modified by Section 2 or 3 of the Fair Sentencing Act, then any defendant sentenced for violating that 'Federal criminal statute' has been sentenced for a 'covered offense.'" *United States v. Johnson*, 961 F.3d 181, 189–90 (2d Cir. 2020).

Pierre was convicted of a violation of 21 U.S.C. § 841(b)(1)(A)(iii), which was modified by Section 2 of the Fair Sentencing Act, and he is not subject to either of the textual limitations imposed § 404(c) of the First Step Act. The Court therefore previously imposed a sentence on Pierre for a "covered offense" under § 404 of the First Step Act, and now finds that he is eligible for relief under that Act.

A Sentence Reduction is Warranted in Pierre's Circumstances.

Pierre argues that the Court should impose a reduced sentence because the interests of justice require it, and because he has not had any major disciplinary issues while incarcerated, has made significant efforts at rehabilitation, and has the support of his family. Mot. at 9–15. In response, the government notes that the abbreviated

5

supplemental presentence report from the Probation Department ("ASPSR") indicates that, based on the guideline calculations for a defendant with Pierre's criminal history and offense level, "the defendant's reduced aggregate sentencing range for imprisonment is 295 to 353 months [and] supervised release is 8 years" (based on recommended terms of imprisonment of 235–295 months on the drug charge; 60 months consecutive on the firearms charge). Resp. at ¶ 9. The government expressly states that it does not oppose a reduction of Pierre's sentence of imprisonment to 295 months or a reduction of his term of supervised release to eight years. *Id.*

A defendant's *eligibility* to be resentenced under the First Step Act does not require that the Court *actually* resentence the defendant. *See* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Rather, the Court must exercise its discretion as to whether or not a reduced sentence is warranted. *United States v. Bowman*, No. 92 CR. 392 (LAP), 2020 WL 470284, at *2–3 (S.D.N.Y. Jan. 29, 2020). In so doing, the Court must consider the 18 U.S.C § 3553(a) sentencing factors, the defendant's post-conviction conduct (including his conduct in prison), and the text of the First Step Act. *Id. See also, United States v. Simons,* 375 F. Supp.3d 379, 389 (E.D.N.Y. 2019); *Rose*, 379 F.Supp.3d at 233. Because a motion under the First Step Act falls within the scope of 18 U.S.C. § 3582(c)(1)(B), there is "no requirement that the [sentence] reduction comport with [the Sentencing Guidelines] or any other policy statements . . . ." *Holloway*, 956 F.3d at 666.

To that end, the Court has conducted a thorough review of the record and considered the goals of sentencing outlined in 18 U.S.C. § 3553(a), including the need for the sentence to: reflect the seriousness of the offense; promote respect for the law and

6

provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and avoid unwarranted disparities between other defendants. *See, e.g., United States v. Powell*, 360 F. Supp.3d 134, 140 (N.D.N.Y. 2019). Having done so, the Court finds a sentence reduction is warranted.

Despite recent changes to the statutory sentencing scheme, the Court notes that the offenses for which Pierre was sentenced were quite serious. According to the ASPSR, Pierre's actual conduct included possession of 3.5 kilograms of cocaine base that he intended to distribute. At his original sentencing, Pierre had already been sentenced in state court on a charge of manslaughter, and was subject to the statutory provisions requiring an enhanced sentence due to a prior drug-related felony offense. Moreover, at the same time as his conviction for violations of the Controlled Substances Act, Pierre was also convicted for possession of a firearm in furtherance of a drug trafficking crime.

Nonetheless, Pierre's conduct in prison suggests he has made great strides toward rehabilitation. The ASPSR indicates that as of January 2020, Pierre had only three minor, non-violent disciplinary infractions over approximately 20 years of incarceration.[2] He has earned his G.E.D., participated in hundreds of hours of educational courses, graduated from the "M.E.N. of Influence" self-improvement and pre-release program, earned the praise of his work supervisors, and been selected by prison officials to remain at USP Lewisburg as a "Work Cadre Inmate."[3] Based on submissions supplementing his

---

[2] The "Summary Reentry Plan – Progress Report" Pierre submitted with his motion indicates the disciplinary infractions were: failing to work as instructed (in 2003), failing to follow safety regulations (in 2003), and possessing an unauthorized item (in 2013).
[3] As described by Case Manager Megan Vargeson in a memorandum attached to Pierre's motion, "The Work Cadre is a hand-selected group of inmates who have presented themselves to be excellent role

motion, Pierre also appears to be building and mending relationships with both his siblings and his extended family. Finally, although at the time of sentencing Pierre faced a mandatory minimum of twenty years imprisonment on his drug charge, the mandatory minimum today would be less severe.[4]

Consequently, the Court finds that a sentence reduction for Pierre is warranted with respect to his sentence on the drug charge pursuant to 21 U.S.C. § 841. Consistent with the recommendation of the Probation Department and the government, the Court hereby reduces Pierre's sentence on the drug charge in violation of 21 U.S.C. § 841 to the low end of the advisory guideline range, as outlined in the ASPSR, of 235 months imprisonment and eight years supervised release. The term of imprisonment is to run consecutive to the 60 month mandatory minimum Pierre was given on the gun charge in violation of 18 U.S.C. § 924(c)(1). The terms of supervised release for both charges are to run concurrently for a total of eight years.

The Court Declines to Recommend Concurrent Sentences.

As a final matter, Pierre asks this Court to recommend to the state of New York that his federal sentence run concurrent to his undischarged state sentence for his manslaughter conviction. Mot., ECF No. 320 at 11. He states that "the original Federal judgment was silent as to the manner in which the sentence was ordered to be imposed,"[5]

---

model individuals, show the best work ethic [etc.] . . . . Inmate Pierre has proved himself time and time again to be a key member of the work cadre."

[4] The mandatory minimums under 21 U.S.C. §841 today are 5 years imprisonment for 28 grams or more of a mixture or substance which contains cocaine base, and 10 years imprisonment for 280 grams or more of a mixture or substance which contains cocaine base. The Court takes no position as to whether the predicate offense for Pierre's sentence enhancement would qualify as a "serious drug offense" under the First Step Act.

[5] Pierre's original sentence indicated that Pierre's terms of imprisonment were to be served consecutively to the state sentence. J., Oct. 15, 2001, ECF No. 105. However, an amended judgment was entered on October 31, 2001, which removed all references to the state sentence. Am. J., Oct. 31,

and points out that U.S.S.C. § 5G1.3(b) recommends that the sentence imposed for the federal offense, which was related to the state offense, should be imposed to run concurrently to the undischarged state sentence.

However, in observance of the principle of comity, which preserves our two systems of courts from actual conflict of jurisdiction, the Court declines to make a recommendation to the state of New York as to what it should or should not do with respect to Pierre's sentencing. *See, e.g., People v. Alba*, 730 N.Y.S.2d 191, 197 (N.Y. Sup. Ct. 2001) ("Comity recognizes the independence of the Federal Government from the State Government and vice versa in sentencing a prisoner for crimes committed within the jurisdiction of each sovereign . . . . A determination as to concurrence of sentence made by one sovereign does not bind the other.") (citations omitted).

## CONCLUSION

After a thorough review of the record and the issues raised in the motion, the Court finds that Pierre is eligible for relief under the First Step Act, and that circumstances warrant an award of relief. Accordingly, it is hereby

ORDERED, that Defendant Kevin Pierre's motion for a modification of sentence [ECF No. 320] is granted in part; and it is further

ORDERED, that Pierre's term of imprisonment is reduced to 235 months for his conviction of violating 21 U.S.C. § 841, but remains at 60 months for his conviction of violating 18 U.S.C. § 924(c)(1), to run consecutively for an aggregate sentence of 295 months; and it is further

---

2001, ECF No. 113. Hence, Pierre is correct that his current sentence is "silent" with respect to the state sentence.

9

ORDERED that Pierre's term of supervised release is reduced to an aggregate of eight years.

SO ORDERED.

DATED: August 14, 2020
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge